Santiago GUTIERREZ, Petitioner–
Appellant,

v.

David L. RUNNELS, Warden,
Respondent–Appellee.

No. 07–55419.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 2008.

Filed Aug. 25, 2008.

Ellen M. Barry, Esquire, Courtney M. Selan, Esquire, Law Offices of Ellen M. Barry, Los Angeles, CA, for Petitioner–Appellant.

Stephanie C. Brenan, Esquire, Deputy Attorney General, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: MINER,* WARDLAW and BERZON, Circuit Judges.

MEMORANDUM **

Gutierrez pled guilty in California state court to several counts of attempted murder and other lesser charges, after leading the police on a lengthy car chase during which he shot several times at the officers.

* The Honorable Roger J. Miner, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

We affirm the district court's denial of his habeas petition.

1. Gutierrez has not established that his trial counsel, Rita Smith, performed deficiently. The district court's findings that she considered the voluntary intoxication defense and discussed it with Gutierrez before he pled guilty are supported by the record and are not clearly erroneous. *See McClure v. Thompson,* 323 F.3d 1233, 1240 (9th Cir.2003). Gutierrez presented no evidence to the contrary at the evidentiary hearing. That Smith lacked contemporaneous notes confirming her testimony on this matter is insufficient to create "a definite and firm conviction that a mistake has been committed" by the district court. *Id.* (internal quotation marks omitted).

Nor was Smith's advice that the voluntary intoxication defense would not be successful an unreasonable one. Gutierrez made inconsistent statements about his use of drugs and alcohol during the police chase. Although he did state that he had taken drugs the day before, he likely was no longer sufficiently under the influence on the day of the crimes to demonstrate that any "intoxication affected [his] 'actual formation of specific intent.'" *People v. Williams,* 16 Cal.4th 635, 677, 66 Cal. Rptr.2d 573, 941 P.2d 752 (1997) (quoting *People v. Horton,* 11 Cal.4th 1068, 1119, 47 Cal.Rptr.2d 516, 906 P.2d 478 (1995)). On the police videotape capturing most of the police chase, Gutierrez exhibited high functioning ability and deliberative thinking, fairly successfully navigating his van during a high-speed chase while shooting from outside the window after announcing his intent to shoot. On audio recordings of the police's discussions with Gutierrez im-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mediately after the chase, he did not sound intoxicated. Even if interviews with his family revealed a history of substance abuse, their testimony to that effect would not be evidence of his mental state on the day in question.

In short, Smith made no errors "so serious that [she] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

2. In any event, Gutierrez failed to establish the requisite prejudice. Where a guilty plea is challenged based on ineffective assistance, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (footnote omitted).

"[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Id.* Here, as noted above, the evidence of voluntary intoxication was weak. Moreover, a defendant's "dogged insistence on pleading guilty most certainly has an effect on the determination whether different advice from [counsel] would have led to a plea of not guilty." *Langford v. Day,* 110 F.3d 1380, 1387 (9th Cir.1996). According to Smith's uncontradicted testimony, Gutierrez told her every time they met that he wanted to plead guilty. Because a voluntary intoxication defense was unlikely to be successful, and because there is no evidence that Gutierrez would have decided to proceed to trial

had he known of the defense, he cannot establish prejudice.

**AFFIRMED.**